**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LORNA HARE,**

                                 **Plaintiff,**                   05-CV-0405A(Sr)

**v.**

**STEPPING STONE ACADEMY,**

                                 **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

Currently before the Court is defendant's motion for summary judgment dismissing the action due to plaintiff's failure to file the complaint within 90 days of receipt of the United States Equal Employment Opportunity Commission's ("EEOC's"), Notice of Suit Rights, commonly known as a right to sue letter. Dkt. #10. For the following reasons, it is recommended that defendant's motion be denied.

## BACKGROUND

Plaintiff, a woman over 50 years old, whose national origin is Barbadian/Brazilian, was hired by defendant for a teaching position commencing in the

Fall of 2002.  Dkt. #1, ¶ 4 & p.12.  By letter dated June 23, 2004, plaintiff was advised that she had not been selected for the position of Science Curriculum Coordinator for the 2004-2005 school year.  Dkt. #1, p.2.  Plaintiff alleges that a younger Caucasian woman with fewer qualifications was hired for this position.  Dkt. #1, p.12.  On June 28, 2004 plaintiff was informed that her employment contract would not be renewed for the 2004-2005 school year.  Dkt. #1, p.12.  Plaintiff alleges that approximately thirteen individuals were discharged and replaced "with younger, white teachers."  Dkt. #1, p.12.

Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR"), on November 5, 2004.  Dkt. #1, p.12.  The charge was investigated by the EEOC, which dismissed the charge and issued a right to sue letter with a "Date Mailed" of March 7, 2005.  Dkt. #1, p.9.  The letter provides as follows:

> **Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice;** otherwise your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

Dkt. #1, Exh. A (emphasis in original).

Plaintiff filed this action *pro se* on June 8, 2005, alleging employment discrimination on the basis of race and color, in violation of Title VII of the Civil Rights Act of 1994 (Title VII), as amended, 42 U.S.C. § 2000e *et seq,* and age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*

Dkt. #1. In her complaint, plaintiff asserts that she received her right to sue letter on March 7, 2005. Dkt. #1, ¶ 18.

Defendant moved for summary judgment dismissing the complaint as untimely. Dkt. #10. As part of its motion papers, defendant attached a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," advising plaintiff of the consequences of failing to respond to the motion and her obligation to oppose the motion by sworn affidavit or other papers as set forth in Fed. R. Civ. P. 56(e). *See Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001); Local Rule 56.2. Plaintiff did not respond to defendant's motion.

### DISCUSSION AND ANALYSIS

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a pro se plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 799 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982. A party seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

**Statute of Limitations**

42 U.S.C. § 2000e-5(f)(1) states that after the EEOC has dismissed a charge, the Commission or Attorney General "shall notify the person aggrieved and within ninety days after the giving of such notice, a civil action may be brought against the respondent named in the charge."  "ADEA plaintiffs may file suit in court at any time

from 60 days after filing the EEOC charge until 90 days after the plaintiff receives notice from the EEOC that the EEOC proceedings are terminated." *Hodge v. New York Coll. of Podiatric Med.*, 157 F.3d 164, 166 (2d Cir. 1998); *see* 29 U.S.C. § 626 (e).

The 90-day clock begins when the plaintiff receives the right to sue letter. *Casamento v. New York Stock Exch., Inc.*, 1995 WL 373494 (S.D.N.Y June 22, 1995)*; Streeter v. Joint Indus. Bd. Of Elec. Indus.,* 767 F.Supp. 520, 527 (S.D.N.Y. 1991). Absent equitable considerations, the statute of limitations expires if the District Court Clerk has not received a complaint within 90 days of the date the plaintiff receives a right to sue letter from the EEOC. *Nearhood v. Tops Markets, Inc.*, 76 F. Supp.2d 304, 305-306 (W.D.N.Y 1999). Thus, "[i]n order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996). "Normally it is assumed that a mailed document is received three days after its mailing." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 533, 525 (2d Cir. 1996), *citing Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *see* Fed. R. Civ. P. 6(e).

In her complaint, the *pro se* plaintiff asserts that she received her right to sue letter on March 7, 2005. Dkt. #1, ¶ 18. If this statement is accurate, filing of the complaint on June 8, 2005 – 93 days later – would be untimely. However, the right to sue letter indicates March 7, 2005 as the "Date Mailed." Dkt. #1, p.9. This anomaly precludes the Court from concluding that the defendant has met its initial burden of

demonstrating the absence of a genuine issue of material fact as to plaintiff's receipt of the right to sue letter more than 90 days prior to the filing of her complaint.

## **CONCLUSION**

Based on the foregoing, it is recommended that the defendant's motion for summary judgment (Dkt. #10), be **DENIED**.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to the plaintiff and to counsel for the defendant.

**SO ORDERED.**

S/ H. Kenneth Schroeder, Jr.
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

DATED:    Buffalo, New York
          June 9, 2006